UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

RAHUL DEV MANCHANDA,

Debtor.

**ORDER**

24-CV-8387 (PMH)

[USBC-SDNY 23-B-22095(SHL)]

PHILIP M. HALPERN, United States District Judge:

On November 4, 2024, Appellant, *pro se*,[1] filed in this Court a notice of appeal from an order of the bankruptcy court. (Doc. 1). The Order appealed from, which authorized certain subpoenas, is dated October 2, 2024. (*Id*.). On December 20, 2024, the Government filed a letter requesting a pre-motion conference regarding its anticipated motion to dismiss the appeal (i) as untimely under Rule 8002(a) of Federal Rules of Bankruptcy Procedure ("FRBP"); or (ii) for failure to prosecute under FRBP 8009 and 8018. (Doc. 2). Appellant filed a response to the Government's pre-motion letter on December 23, 2024, contending that his appeal was timely and that he was prevented from prosecuting the appeal. (Doc. 4). The Court construes the Government's pre-motion letter (Doc. 2) as its motion to dismiss and Appellant's response letter (Doc. 4) as his opposition, and considering the parties' arguments thereto, dismisses the appeal for the reasons stated below. *See In re Best Payphones, Inc*., 450 F. App'x 8, 15 (2d Cir. 2011) (finding the Court did not abuse its discretion in construing the parties' letter-motions as the motions themselves, and ruling on them); *see also Brown v. New York*, No. 21-1408-CV, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022) (same).

---

[1] Appellant is a former attorney and thus not entitled to special solicitude. *See In re Manchanda*, No. 2023-05258, 2024 WL 4845197, at *8 (N.Y. App. Div. Nov. 21, 2024); *see also Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436, at *2-3 (S.D.N.Y. June 10, 2022).

FRBP 8002(a) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." "This time limit is jurisdictional and 'in the absence of a timely notice of appeal in the district court, the district court is wholly without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *In re Abraham*, No. 21-CV-01628, 2021 WL 5597939, at *3 (S.D.N.Y. Nov. 30, 2021) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)). "*Pro se* status does not excuse a party from this jurisdictional requirement." *Id*.

It is undisputed that the Order authorizing subpoenas was entered on October 2, 2024. Under FRBP 8002(a), October 16, 2024 was the last day on which to file an appeal from the Order. Appellant's notice of appeal was not filed until October 18, 2024, two days after the expiration of the applicable deadline. (Doc. 1). Therefore, on its face, Appellant's notice of appeal is untimely.

Appellant maintains in his opposition that he "timely appealed" the Order but does not provide any explanation for his position in light of the undisputed timeline. (Doc. 4 ¶ 14). Nor does Appellant offer any reason for his failure to file a timely appeal. Accordingly, the Government's motion to dismiss the appeal pursuant to FRBP 8002(a) is granted.[2] *See Surabian v. Picard*, No. 13-CV-00935, 2014 WL 917091, at *2 (S.D.N.Y. Mar. 7, 2014) (dismissing bankruptcy appeal filed two days after the deadline).

The Clerk of Court is respectfully directed to mail a copy of this Order to Appellant and close this case.

In the event that Appellant elects to proceed *in forma pauperis* on appeal from this Order,

---

[2] The Government also argues that Appellant failed to prosecute his appeal. (Doc. 2 at 4-6). Appellant argues that he was prevented from prosecuting the appeal because he "has not received any 'notice' that any appeal was either 'docketed', 'accepted,' or 'filed . . .'" and is, therefore, "unable to file any documents . . . ." (Doc. 4 ¶¶ 12-14, 18). Given the rulings reached herein, the Court need not and does not consider the parties' arguments regarding Appellant's purported failure to prosecute.

the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

Dated:   White Plains, New York
        January 2, 2025

_____
PHILIP M. HALPERN
United States District Judge